**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDWARD WRIGHT,<br>      Plaintiffs,<br><br>  v.<br><br>RASIER LLC, RASIER CA LLC, AND JEAN CEZAIRE,<br><br>      Defendants. | Civil Action No.:<br><br>**NOTICE OF REMOVAL** |

**TO:** United States District Court
   District of New Jersey

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Rasier, LLC (improperly pled as both "Rasier LLC" and "Rasier CA LLC"), (hereinafter "Defendant") by and through its attorneys, Goldberg Segalla LLP, submits this Notice of Removal from the Superior Court of New Jersey, Law Division, Camden County, in which this matter is now pending, to the United States District Court for the District of New Jersey. In support of this Notice of Removal, Defendant states as follows:

**BACKGROUND**

1. This lawsuit is a civil action within the meaning of 28 U.S.C. §§ 1441(a) and 1446(b).

2. On or about June 16, 2021, Plaintiff, Edward Wright ("Plaintiff") commenced this action against Defendant by filing a Complaint in the Superior Court of New Jersey, Law Division, Camden County, under Docket No. CAM-L-1655-21. Pursuant to 28 U.S.C. § 1446(a), a copy of Plaintiff's Summons and Complaint is attached hereto as Exhibit A.

3. Plaintiff's Complaint stems from injuries allegedly sustained by Plaintiff involving a vehicle operated by Co-Defendant Jean Cezaire. *Id.* at Par. 7.

4. Defendant was served and first received a copy of the Complaint on June 28, 2021. *See* Notice of Service, attached hereto as **"Exhibit B."**

5. This Notice of Removal is filed within 30 days of receipt of the initial pleading by Defendant, and within one year of the commencement of this action, as mandated by 28 U.S.C. § 1446(b). Accordingly, removal is timely.

## AMOUNT IN CONTROVERSY/JURISDICTION

6. Plaintiff's Complaint alleges claims for relief against Defendant with claims for negligence as well as vicarious liability, negligent supervision, hiring, and training against Defendant.

7. Based on the following averments in Plaintiff's Complaint, and although Defendant denies all liability to Plaintiff, Defendant has reason to believe that this action satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a)(1) as the amount in controversy in this action exceeds $75,000, exclusive of interest and costs:

- "As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff was caused to be thrown violently about, thereby sustaining severe, permanent and debilitating injuries including, but not limited to: tear of the anterior cruciate ligament, left leg tear/abrasions, labral tear and injuries to his neck, back and right shoulder, some or all of which injuries are or will prove to be or a permanent nature and character, whereby Plaintiff has suffered, is suffering, and will for an indefinite period of time into the future suffer, all to Plaintiffs detriment and loss." Par. 10.

- "As a further direct and proximate result of the negligent conduct of the Defendants, Plaintiff has been obligated to receive and undergo medical attention and care for his injuries, to incur various expenses for said care and may be obligated to continue to expend

30480642.v1

such sums and incur such expenses for an indefinite period of time into the future." Par. 11.

## DIVERSITY OF CITIZENSHIP

8. According to Plaintiff's Complaint, Plaintiff is a citizen and resident of Norwood, Pennsylvania. *Id.*

9. Defendant Rasier is a Delaware corporation with a principal place of business in California.

10. According to the Complaint, Co-defendant Cezaire is a resident of Southampton, Pennsylvania. No affidavit of service for Co-defendant Cezaire has been filed with the Court as of the filing date of this notice.

11. Given the facts and circumstances set forth above, this constitutes an action which originally could have been brought before this Court pursuant to 28 U.S.C. § 1332 and which may be removed pursuant to 28 U.S.C. §1441(a), as it is a civil action between citizens of different States and in which citizens or subjects of a foreign state are additional parties, and the amount in controversy, upon information and belief, will exceed the sum or value of $75,000, exclusive of interest and costs.

12. This Court has subject-matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1441(a) as this is the Federal District Court for the District where the State Court suit is pending.

13. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant in this action as of the date of filing of this Notice of Removal is attached as **Exhibit C.**

14. This Notice of Removal will be served on all adverse parties in accordance with 28 U.S.C. § 1446.

15. A true and correct copy of this Notice of Removal will be filed with the clerk of the Superior Court of New Jersey, Camden County, in accordance with 28 U.S.C. § 1446.

**WHEREFORE**, Defendant Rasier, LLC files this Notice of Removal so that the entire State Court action under Docket No. CAM-L-1655-21, now pending in the Superior Court of the State of New Jersey, County of Camden, is removed to this Court for all further proceeding.

            **GOLDBERG SEGALLA LLP**

         By: */s/ Elizabeth A. Chang*
            Elizabeth A. Chang, Esquire
            *Attorneys for Defendant, Rasier, LLC*

July 9, 2021

cc: Michael T. van der Veen, Esq.

# Exhibit A

VAN DER VEEN, O'NEILL, HARTSHORN & LEVIN
BY: Michael T. van der Veen
I.D. No. 043691996
1219 Spruce Street
Philadelphia, PA 19107
P: 215-546-1000
F: 215-546-8529

ATTORNEY FOR PLAINTIFF
JURY TRIAL DEMANDED

| | |
|---|---|
| EDWARD WRIGHT<br>212 W. Winona Avenue<br>Norwood, PA 19074<br><br>                     Plaintiff,<br>v.<br><br>RASIER LLC<br>1455 Market Street<br>San Francisco, CA 94103<br><br>RASIER CA LLC<br>1455 Market Street<br>San Francisco, CA 94103<br><br>and<br><br>JEAN CEZAIRE<br>45 Harding Road<br>Southampton, PA 18966<br><br>                     Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY<br>LAW DIVISION<br><br>DOCKET NO.: CAM-L-1655-21<br><br>AMENDED COMPLAINT, JURY<br>DEMAND, DESIGNATION OF TRIAL<br>COUNSEL, CERTIFICATION AND<br>DEMAND FOR DISCOVERY |

## AMENDED COMPLAINT

Plaintiff, Edward Wright, residing at the address indicated above, complaining of Defendants Rasier LLC, Rasier CA LLC and Jean Cezaire, residing at the addresses indicated above, by way of Complaint, alleges as follows:

1. Defendant Rasier LLC is a corporation, partnership or other business entity organized pursuant to the laws of the State of New Jersey, registered to conduct business in the State of New Jersey, who regularly conducts business at the address indicated above.

2. Defendant Rasier CA LLC is a corporation, partnership or other business entity organized pursuant to the laws of the State of New Jersey, registered to conduct business in the State of New Jersey, who regularly conducts business at the address indicated above.

3. Defendant Jean Cezaire is an adult individual residing at the address indicated above.

4. At all times relevant and material hereto, Defendants were acting either individually or through their agents, servants, contractors, workmen, employees and/or representatives, all of whom were acting within the course and scope of their employment and authority.

5. Defendants are liable for the acts and omissions of their agents, servants, contractors, workmen, employees and/or representatives through the doctrines of vicarious liability and respondeat superior.

6. On or about September 15, 2020, Plaintiff was a pedestrian in the area of 2021 Broad Acres Road in Clementon, New Jersey.

7. At all times relevant and material hereto, Defendant Cezaire was operating a motor vehicle and was an agent, servant, workman, contractor, representative and/or employee of Defendants Rasier LLC and/or Rasier CA LLC (hereinafter "Defendants' vehicle").

8. On the aforementioned date and place, Defendant Cezaire's vehicle was traveling in the area of 2021 Broad Acres Road when Defendant negligently reversed his vehicle into Plaintiff, striking Plaintiff with the vehicle's door, knocking Plaintiff to the ground, and subsequently driving the vehicle over Plaintiff's left leg, thereby causing Plaintiff to suffer serious and permanent injuries, as will be hereinafter described.

9. The accident resulted solely from the negligence and carelessness of the Defendants and was due in no manner whatsoever to an act of failure to act on the part of Plaintiff.

10. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff was caused to be thrown violently about, thereby sustaining severe, permanent and debilitating injuries including, but not limited to: tear of the anterior cruciate ligament, left leg tear/abrasions, labral tear and injuries to his neck, back and right shoulder, some or all of which injuries are or will prove to be or a permanent nature and character, whereby Plaintiff has suffered, is suffering, and will for an indefinite period of time into the future suffer, all to Plaintiff's detriment and loss.

11. As a further direct and proximate result of the negligent conduct of the Defendants, Plaintiff has been obligated to receive and undergo medical attention and care for his injuries, to incur various expenses for said care and may be obligated to continue to expend such sums and incur such expenses for an indefinite period of time into the future.

12. As a further direct and proximate result of the negligent conduct of the Defendants, Plaintiff may suffer loss of income and earning capacity in the future.

13. As a further direct and proximate result of the negligent conduct of the Defendants, Plaintiff has been unable to attend daily chores, duties and occupations and may be unable to do so for an indefinite period of time in the future.

14. As a further direct and proximate result of the negligent conduct of the Defendants, Plaintiff has suffered physical pain, mental anguish, humiliation, inconveniences and the loss of life's pleasures and may continue to suffer the same for an indefinite period of time in the future.

15. The injuries and damages suffered by Plaintiff, as aforesaid, are personal injuries meeting the requirements of one or more of the categories set forth in N.J.S.A. 39:6A-8(a), if said Statute is applicable to Plaintiff's causes of action as set forth in this Complaint.

## COUNT I
### Plaintiff v. Defendant Cezaire

16. Plaintiff incorporates by reference the preceding paragraphs as though set forth herein.

17. The negligence and carelessness of the Defendant consisted of the following:

    (a) failing to properly and adequately maintain his motor vehicle;
    (b) failing to maintain a proper and adequate lookout;
    (c) failing to give proper and sufficient warning of the approach of his motor vehicle;
    (d) failing to follow and observe traffic patterns and conditions;
    (e) failing to regard the rights, safety and lawful position of Plaintiff at the point aforesaid;
    (f) driving while distracted;
    (g) driving at an excessive and unsafe rate of speed under the circumstances;
    (h) driving too fast for conditions;
    (i) driving in an unsafe manner;
    (j) failing to make sure it was safe to operate his vehicle in reverse before doing so;
    (k) failing to yield to pedestrians, and specifically, Plaintiff; and
    (l) failing to properly and adequately maintain said motor vehicle.

18. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff was caused the injuries and damages as set forth above.

**WHEREFORE,** Plaintiff demands damages of Defendant plus interest, costs, attorney's fees and such other further relief as the Court may deem proper.

## COUNT II
### Plaintiff v. Defendants Rasier LLC and Rasier CA LLC

19. Plaintiff incorporates by reference the preceding paragraphs as though set forth herein.

20. The negligence and carelessness of Defendants consisted of the following:

    (a) negligently entrusting the aforesaid vehicle to Defendant Cezaire;
    (b) permitting an inexperienced and incompetent person to operate the vehicle, and specifically Defendant Cezaire, who engaged in the acts and conduct as set forth hereinabove;
    (c) failing to act with due care and regard for the position and safety of others, in particular, Plaintiff;

(d) failing to properly train and supervise Defendant Cezaire in the safe operation of a motor vehicle;

(e) failing to control the negligent and careless acts and conduct of the driver of the aforesaid vehicle;

(f) failing to properly and adequately maintain said motor vehicle; and

(g) failing to control the acts and conduct of the driver of the aforesaid vehicle and instead acquiescing in Defendant Cezaire's negligence and carelessness.

21. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff was caused the injuries and damages as set forth above.

**WHEREFORE,** Plaintiff demands damages of Defendants, plus interest, costs, attorney's fees and such other further relief as the Court may deem proper.

**VAN DER VEEN, O'NEILL, HARTSHORN & LEVIN**

DATE: 6/16/2021

By: _____
Michael T. van der Veen, Esquire
Attorney for Plaintiff

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to R.4:25-4, Michael T. van der Veen, Esquire is designated as trial counsel for the Plaintiff.

Dated: 6/16/2021

By: _____
Michael T. van der Veen, Esquire
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues.

Dated: 6/16/2021

By: _____
Michael T. van der Veen, Esquire
Attorney for Plaintiff

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to R.4:17-1(b), Plaintiff hereby demands that Defendants provide certified answers to Form C and C(1) Uniform Interrogatories contained in Appendix II of the New Jersey Rules of Court within the time period prescribed by said rules.

Dated: 6/16/2021

By: _____
Michael T. van der Veen, Esquire
Attorney for Plaintiff

## CERTIFICATION

The undersigned attorney hereby certifies that, pursuant to R.4:5-1, he in unaware of any other action pending in any Court.

The undersigned further certifies that he is unaware of any other parties who should be joined in the matter in controversy.

**VAN DER VEEN, O'NEILL, HARTSHORN & LEVIN**

Dated: 6/16/2021

By: _____
Michael T. van der Veen, Esquire
Attorney for Plaintiff

# Exhibit B



| | | |
|---|---|---|
| **TO:** | Gabriela Lopez<br>Uber Technologies, Inc.<br>950 23RD ST<br>SAN FRANCISCO, CA 94107-3401 | **Service of Process Transmittal**<br>06/28/2021<br>CT Log Number 539812785 |
| **RE:** | Process Served in Delaware | |
| **FOR:** | RASIER, LLC  (Domestic State: DE) | |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | EDWARD WRIGHT, PLTF. vs. RASIER LLC, ET AL., DFTS.<br>*Name discrepancy noted*. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Jury Demand(s), Certification, Statement, Amended Complaint |
| **COURT/AGENCY:** | Camden County - Superior Court - Law Division, NJ<br>Case # L165521 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 09/20/2020 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/28/2021 at 15:00 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days from the date you received this summons, not counting the date you received it. (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Michael T. Van Der Veen<br>VAN DER VEEN, O'NEILL, HARTSHORN & LEVIN<br>1219 SPRUCE STREET<br>PHILADELPHIA, PA 19107<br>215-546-1000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/30/2021, Expected Purge Date: 07/05/2021<br><br>Image SOP<br><br>Email Notification,  Gabriela Lopez  gabriela.lopez@uber.com<br><br>Email Notification,  Claims Lit  intake@uber.com<br><br>Email Notification,  Shanti Sconyers  shanti.sconyers@uber.com |
| **REGISTERED AGENT ADDRESS:** | The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |



# Service of Process Transmittal
06/28/2021
CT Log Number 539812785

**TO:** Gabriela Lopez
Uber Technologies, Inc.
950 23RD ST
SAN FRANCISCO, CA 94107-3401

**RE:** **Process Served in Delaware**

**FOR:** RASIER, LLC  (Domestic State: DE)

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of  2 / SS



# Service of Process Transmittal

06/28/2021
CT Log Number 539812775

**TO:** Gabriela Lopez
Uber Technologies, Inc.
950 23RD ST
SAN FRANCISCO, CA 94107-3401

**RE:** Process Served in Delaware

**FOR:** RASIER-CA, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | EDWARD WRIGHT, PLTF. vs. RASIER LLC, et al., Dfts. // To: RASIER CA LLC *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Jury Demand, Designation, Certification, Demand(S), Information Statement, Amended Complaint |
| **COURT/AGENCY:** | Camden County - Superior Court, NJ Case # L165521 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 09/15/2020 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/28/2021 at 15:00 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days from the date you received this summons, not counting the date you received it (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Michael T. van der Veen VAN DER VEEN, O'NEILL, HARTSHORN & LEVIN 1219 SPRUCE STREET PHILADELPHIA, PA 19107 215-546-1000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/29/2021, Expected Purge Date: 07/04/2021 |
| | Image SOP |
| | Email Notification,  Claims Lit  intake@uber.com |
| | Email Notification,  Gabriela Lopez  gabriela.lopez@uber.com |
| | Email Notification,  Shanti Sconyers  shanti.sconyers@uber.com |
| **REGISTERED AGENT ADDRESS:** | The Corporation Trust Company 1209 Orange Street Wilmington, DE 19801 877-564-7529 MajorAccountTeam2@wolterskluwer.com |



| | | |
|---|---|---|
| **TO:** | Gabriela Lopez<br>Uber Technologies, Inc.<br>950 23RD ST<br>SAN FRANCISCO, CA 94107-3401 | **Service of Process Transmittal**<br>06/28/2021<br>CT Log Number 539812775 |
| **RE:** | **Process Served in Delaware** | |
| **FOR:** | RASIER-CA, LLC  (Domestic State: DE) | |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.