# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EDWARD WRIGHT,**<br><br>       **Plaintiff,**<br><br>  v.<br><br>**JEAN CEZAIRE,**<br><br>       **Defendant/ Third-Party Plaintiff,**<br><br>  v.<br><br>**UNITED STATES OF AMERICA,**<br><br>       **Third-Party Defendant.** | **Case No. 21–cv–13491–ESK–AMD**<br><br>**OPINION** |

**KIEL, U.S.D.J.**

    **THIS MATTER** is before the Court on third-party defendant United States of America's motion to dismiss (Motion) (ECF No. 72) the third-party complaint (ECF No. 6 (Third Party Compl.)) of third-party plaintiff Jean Cezaire. Cezaire filed an opposition to the Motion (ECF No. 76), to which the United States filed a reply (ECF No. 77). This matter was reassigned to me from the Honorable Joseph H. Rodriguez, Senior United States District Judge, after briefing concluded.[1] (ECF No. 87.) For the following reasons, the Motion will be GRANTED.

---

[1] The Clerk of Court reassigned this matter for administrative purposes. (ECF No. 87.)

## I. BACKGROUND[2]

This case arises out of an accident that occurred on September 15, 2020 in Clementon, New Jersey. (ECF No. 1 p. 7.) Plaintiff Edward Wright, a police officer employed by the City of Philadelphia, was acting in his capacity as a Task Force Officer (TFO) for the Federal Bureau of Investigation (FBI).[3] (ECF No. 72–1 (Mov. Br.) p. 6.) Wright was sitting in the rear-driver's-side-seat of a truck operated by TFO John Krewer. (*Id.* p. 7.) Wright and Krewer, along with other TFOs and FBI agents, were part of an operation to arrest a suspect believed to be traveling in an Uber operated by Cezaire. (*Id.*)

Shortly before the accident, Cezaire stopped next to the truck operated by Krewer. (*Id.*) When the suspect opened the door of Cezaire's car, an FBI agent verified to the TFOs that they had the correct individual. (*Id.*) As Wright began to exit the truck to apprehend the suspect, he was "pulled" to the ground. (*Id.*) Wright alleges that Cezaire "reversed … into" Wright, "striking [him] with the vehicle's door, knocking [him] to the ground, and subsequently dr[ove] … over [his] left leg" causing him to suffer severe and permanent injuries. (ECF No. 1 p. 7.)

In June 2021, Wright commenced this action in the Superior Court of New Jersey against Cezaire and Rasier, LLC, Cezaire's employer.[4] (*Id.* p. 2.) Rasier removed this case asserting diversity jurisdiction under 28 U.S.C. §1332(a). (ECF No. 1 ¶¶ 1-5.) Wright later voluntarily dismissed his claims

---

[2] I recount the facts as they are alleged in the pleadings and the Motion for purposes of background only. This recitation are not my findings of fact.

[3] Wright was sworn in by the United States Marshal Service and the FBI in his role as a TFO and served on the Task Force from 2019 until 2022. (Mov. Br. p. 7.) While serving as TFO, Wright served warrants and carried out arrests but did not perform assignments as a Philadelphia police officer. (*Id.*)

[4] Wright had improperly named Rasier LLC and Rasier CA LLC as defendants. (ECF No. 1 pp. 6, 7.)

against Rasier, leaving Ceziare as the sole remaining defendant. (ECF No. 13.)

On August 19, 2021, Cezaire filed a third-party complaint under the Federal Tort Claims Act (FTCA) against Krewer for having negligently operated the truck. (Third Party Compl. pp.2, 3.) Cezaire seeks Krewer to indemnify him for any damages he may be held liable for to Wright and demands judgment for contribution under the New Jersey Joint Tortfeasors Contribution Law and Comparative Negligence Act. (*Id.*) On December 8, 2021, Magistrate Judge Ann M. Donio ordered that the United States be substituted as the third-party defendant, in lieu of Krewer. (ECF No. 20 p.2.) The United States now moves to dismiss Cezaire's third-party complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(1). (*See* Mov. Br.)

## II.  LEGAL STANDARD

Rule 12(b)(1) permits a party to move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (quoting *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009)). A facial attack "concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (alternations in original) (quoting *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007)). Unlike a facial attack, under a factual attack, "the trial court may proceed as it never could under [Rule] 12(b)(6) or [Rule] 56." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Because a Rule 12(b)(1) factual attack puts at issue the trial court's "very power to hear the case[,] there is substantial

3

authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Accordingly, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* Moreover, "[i]n reviewing a factual attack, the court may consider evidence outside the pleadings." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

## III. DISCUSSION

In the Motion, the United States factually attacks this Court's subject matter jurisdiction.[5] The United States recognizes that the substantive basis for Cezaire's third-party claims of contribution and indemnification sound in tort law. (Mov. Br. pp. 9, 10.) It, however, notes that "[b]ecause an employer cannot be a joint tortfeasor, 'a third-party tortfeasor may not obtain contribution from an employer, no matter what may be the comparative negligence of the third party and the employer.'" (*Id.* p. 10 (quoting *Ramos v. Browning Ferris Indus. of S. Jersey, Inc.*, 510 A.2d 1152, 1155–56 (N.J. 1986).) Accordingly, the United States argues that "because [it] was Wright's employer at the time of the accident," Cezaire's third-party claims against the United States are barred. (*Id.* p. 12.) I agree.

Generally, "[t]he United States and its agencies … enjoy sovereign immunity from suit, but Congress may waive that immunity by enacting a statute that authorizes suit against the government for damages or other relief." *Kirtz v. Trans Union LLC*, 46 F.4th 159, 164 (3d Cir. 2022), *cert.*

---

[5] Although the United States claims that the Motion makes both a facial and a factual attack on the Court's jurisdiction, I construe the Motion as only making a factual attack. Accordingly, I may consider evidence outside of the pleadings, need not attach a presumption of truthfulness to Cezaire's allegations, and may make factual findings as to the issue of jurisdiction. *See CNA*, 535 F.3d at 139.

*granted sub nom. Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 143 S. Ct. 2636, *aff'd sub nom. Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42 (2024).  One such enactment is the FTCA, which "represents 'a limited waiver of th[at] sovereign immunity,' [and] provid[es] that '[t]he United States shall be liable, respecting ... [certain] tort claims, in the same manner and to the same extent as a private individual under like circumstances.'" *D.J.S.-W. by Stewart v. United States*, 962 F.3d 745, 749 (3d Cir. 2020) (first, fourth, fifth alterations in original) (first quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 193 (3d Cir. 2009)) (second quoting 28 U.S.C. §2675(a)). Under the FTCA, the United States is liable for the negligent acts or omissions of its employees acting within the scope of their employment.  28 U.S.C. §1346(b).  The FTCA, however, "incorporates only state law that governs liability in tort," and the law of the state where the allegedly tortious act occurred applies to the claims.  *Wilson v. United States*, 79 F.4th 312, 317 (3d Cir. 2023); *DeJesus v. U.S. Dep't of Veterans Affs.*, 479 F.3d 271, 279 (3d Cir. 2007).

      New Jersey's Joint Tortfeasors Contribution Law, "provides a means for one joint tortfeasor to obtain contribution from another."  *Ramos*, 510 A.2d at 1155.  Typically, the FTCA's waiver of sovereign immunity is broad enough to "encompass[] claims for contribution or indemnification where the law of the relevant state would hold a private individual liable for contribution or indemnification in the same circumstances."  *Beneficial Consumer Disc. Co. v. Poltonowicz*, 47 F.3d 91, 96-97 (3d Cir. 1995).  However, with respect to workers' compensation claims, New Jersey law does *not* impose liability on an employer for contribution or indemnification claims brought by a third-party tortfeasor.  *Ramos*, 510 A.2d at 1155–56.  In other words, the FTCA's waiver of sovereign immunity does not encompass such claims by a third-party

5

tortfeasor as against the employer of an injured employee. *See Wilson*, 79 F.4th at 317; *DeJesus*, 479 F.3d at 279.

Under New Jersey law, employees injured in the course of their employment receive workers' compensation benefits from their employer for their injuries. *See* N.J. Stat. Ann. §34:15–1. "In return for the assumption of the burden of providing this coverage, the employer is granted immunity from tort liability for any negligence related to that incident." *Cavaliere v. United States*, 736 F. Supp. 68, 70 (D.N.J. 1990); *see also Eger v. E.I. Du Pont DeNemours Co.*, 539 A.2d 1213 (N.J. 1988) (holding that "[t]he employer … is required to purchase workers' compensation insurance providing benefits … for all injuries arising out of and in the course of employment regardless of the fault of the employer" and "[i]n return for the employer assuming the burden of providing this coverage, the employee surrenders the right to pursue any other remedy against the employer, thus immunizing the employer from tort liability").

New Jersey's "Workers' Compensation Act removes [an] employer from the operation of the Joint Tortfeasors Contribution Law." *Ramos*, 510 A.2d at 1155. Since an employer cannot be a joint tortfeasor under New Jersey law and is "not subject to the provisions of the Joint Tortfeasors Contribution Law, a third-party tortfeasor," like Cezaire, "may not obtain contribution from an employer, no matter what may be the comparative negligence of the third party and the employer." *Id.* Similarly, because the Worker's Compensation "Act replaces a party's right to 'any other method, form or amount of compensation,'" an "employer [also] cannot be subject to third-party claims pursuant to the Comparative Negligence Act." *McDaniel v. Man Wai Lee*, 17 A.3d 816, 821 (N.J. Super. Ct. App. Div. 2011) (quoting N.J. Stat. Ann. §34:15–8). The New Jersey Supreme Court and the Appellate Division have made clear that where an injured employee alleges negligence of a third-party, "there cannot be a claim

6

for apportionment of liability to the employer, in an action for indemnification or contribution" regardless of the employer's negligence. *McDaniel*, 17 A.3d at 822. "As tempting as it may be in a given case to temper the exclusive-remedy provisions of [New Jersey's] Workers' Compensation Act and to permit a third party to recover against the employer, [the courts] defer to the balance of interests as struck by the Legislature." *Ramos*, 510 A.2d at 1158. "The unmistakable intention of the Legislature was that the sole liability of an employer for a work-related injury of an employee was that provided in the [Workers' Compensation] Act." *Id.*

Here, the Court must treat the United States in the same manner as it would be treated if it were a private employer in New Jersey faced with like circumstances. *D.J.S.-W. by Stewart*, 962 F.3d at 749. Since the United States could not be a joint-tortfeasor or responsible under the Comparative Negligence Act if it were a private employer in New Jersey, the FTCA does not waive the Government's sovereign immunity as to Cezaire's third-party claims. Thus, I find that the Court lacks subject matter jurisdiction over those claims.

## IV. CONCLUSION

For the reasons set forth above the Motion will be GRANTED. An appropriate order accompanies this opinion.

        */s/ Edward S. Kiel*
        **EDWARD S. KIEL**
        **UNITED STATES DISTRICT JUDGE**

Dated: January 15, 2025